

FILED

2021 Jul-12  AM 09:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **SPENCER WINSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:  3:20-cv-1169-LCB** |
| ) | |
| **McNEIL & MEYERS** ) | |
| **RECEIVABLES MANAGEMENT** ) | |
| **GROUP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case arises out of a Fair Debt Collection Practices Act ("FDCPA") action and is before the Court on Plaintiff Spencer Winston's Motion for Default Judgment. (Doc. 12). The Court has jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. (Doc. 1 at 1). For the reasoning below, the Court **GRANTS** Winston's Motion for Default Judgment against Defendant McNeil & Meyers Receivables Management Group, LLC. (Doc. 12).

## BACKGROUND

Winston's Complaint was filed on August 12, 2020, and the request for service by certified mailed was filed by Winston on the same day. (Docs. 1 & 2). A summons was issued as to McNeil & Meyers on August 19, 2020. (Doc. 5). McNeil & Meyers was sent the complaint and summons by Certified U.S. Mail, Return

Receipt, via Jeff Hurley, its registered agent; however, the Court did not receive the return card from the U.S. Postal Service. (Doc. 10 at 2). The Court then issued an alias summons as to McNeil & Meyers on November 2, 2020. (Doc. 7). On November 13, 2020, the alias summons was returned executed by Winston, and McNeil & Meyers was served on November 9, 2020 via a process server. (Doc. 8). Therefore, the answer from McNeil & Meyers was due on November 30, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, McNeil & Meyers did not respond.

On December 1, 2020, Winston filed a motion for Clerk's entry of default against McNeil & Meyers. (Doc. 9). The default was entered by the Clerk against McNeil & Meyers on December 2, 2020. (Doc. 11). The Court has received no response from McNeil & Meyers. Therefore, the Clerk's entry of default was proper. On December 4, 2020, Winston filed a Motion for Default Judgment as to McNeil & Meyers. (Doc. 12).

## DISCUSSION

Rule 55(b), Fed. R. Civ. P., provides:

(b) Entering a Default Judgment.

    (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due-- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

The Court has reviewed the Complaint and finds that it adequately states viable causes of action under federal law. According to the Complaint, the Defendant McNeil & Meyers was acting as a debt collector under § 1692a of the FDCPA attempting to collect a defaulted consumer debt from Winston. (Doc. 1 at 2). Winston had failed to pay off a debt owed on a retail credit account when McNeil & Meyers attempted to collect from him using a negative credit report. *Id.* On May 29, 2020, Winston's attorney contacted McNeil & Meyers disputing the debt. *Id.* However, on July 28, 2020, Winston noticed that McNeil & Meyers continued to report the debt on his credit report, but the credit report did not reflect the debt was

disputed by Winston. *Id.* The collection actions by McNeil & Meyers at issue in this case occurred within a year of the date of the Complaint. *Id.* at 3.

According to the Complaint, McNeil & Meyers violated § 1692e of the FDCPA which forbids debt collectors from using false or misleading representations with the collection of any debt. (Doc. 1 at 3). Under § 1692e(8), the conduct of the debt collector violates the section when "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e. In this case, the violation of § 1692e occurred when McNeil & Meyers continued to report the debt to a credit reporting agency without any indication that it was disputed despite its knowledge that Winston disputed the debt. (Doc. 1 at 3–4).

Winston further alleges in the Complaint that McNeil & Meyers violated § 1692f of the FDCPA, which forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." (Doc. 1 at 4). According to Winston, McNeil & Meyers used unfair and unconscionable collection actions in violation of § 1692f by continuing to report to the credit reporting agency a debt that was disputed by Winston and failing to report the dispute. *Id.*

As noted above, the Clerk entered default as to McNeil & Meyers on December 2, 2020, and Winston filed this Motion for Default Judgment on

December 4, 2020. Thus, Winston's Motion for Default Judgment is properly before the Court, and the Court finds that all the requirements of Rule 55 have been met. Accordingly, the entry of a default judgment is proper, and the Motion for Default Judgment against McNeil & Meyers (Doc. 12) is **GRANTED.**

      **A final judgment will be entered separately.**

      **DONE** and **ORDERED** this July 8, 2021.

_____
LILES C. BURKE
UNITED STATES DISTRICT JUDGE