UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **SPENCER WINSTON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MCNEIL & MEYERS** )<br>**RECEIVABLES MANAGEMENT** )<br>**GROUP, LLC,** )<br>)<br>**Defendant.** )<br>) | Case No.:  3:20-cv-01169-LCB |

**ORDER**

Before the Court is Plaintiff Spencer Winston's Motion for an Award of Damages and Attorneys' Fees and Costs from Defendant McNeil & Meyers Receivables Management Group, LLC. (Doc. 13). Winston seeks actual and statutory damages totaling $2,000, and fees and costs totaling $5,753.50. *Id.* at 3. The motion is unopposed.

Having entered default judgment, the Court must now determine the amount of damages Winston is entitled to receive. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). While Rule 55 allows a court to hold a hearing to determine damages, "Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)). Rather, "[t]he district court may

1

forego a hearing 'where all essential evidence is already of record.'" *Id.* Here, because this Motion is well-supported by affidavits and other evidence, an evidentiary hearing is not necessary to assess damages.

Winston moves for a judgment awarding him $1,000 in actual damages and $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(1). (Doc. 13 at 2). In support of his Motion, Winston submits a declaration attesting that he suffered emotional distress and an impairment to his credit rating due to McNeil & Meyers's collection practices. (Doc. 13-1 at 2). McNeil and Meyers has not responded to Winston's allegations. Therefore, the Court finds that the foregoing evidence is sufficient to grant Winston's Motion without an evidentiary hearing.

Additionally, Winston moves for an award of attorneys' fees and costs totaling $5,753.50 under 15 U.S.C. § 1692k(a)(2)(3). (Doc. 13 at 2-3). In support of his Motion, Winston's attorneys have submitted a declaration attesting that the amount of $5,753.50 accurately reflects the fees and costs incurred in litigation. (Doc. 13-2 at 22-23); (Doc. 13-3). The Court finds the fees and costs are reasonable and necessary for the prosecution of this matter.

## **CONCLUSION**

For the foregoing reasons, Winston's Motion for an Award of Damages and Attorneys' Fees and Costs (Doc. 13) is **GRANTED**, and McNeil & Meyers is

**ORDERED** to pay Winston $2,000 in actual and statutory damages and $5,753.50 in attorneys' fees and costs. The clerk is directed to close the file.

**DONE** and **ORDERED** this October 21, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE